# ECF CASE

JUDGE CROTTY

KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
(212) 808-7800
Attorneys for Defendant
Sprint Spectrum, L.P.

08 CV 6559

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

RECEIVE
JUL 23 2008
U.S.D.C. S.D. N.Y.
JURY TRIAL CASHIERS

---

JEFFREY B. KLEIN, on behalf of
himself and others similarly situated,

Plaintiffs,

-against-

SPRINT SPECTRUM L.P.,

Defendant.

---

DOCKET NO.



USM5W
SDNY

---

## DEFENDANT SPRINT SPECTRUM L.P.'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that defendant Sprint Spectrum, L.P.
("Sprint Spectrum") pursuant to 28 U.S.C. § 1441, hereby removes to this Court
the state action described below, which is within the original jurisdiction of this
Court and properly removed under 28 U.S.C. §§ 1332, 1446, and 1453. Pursuant
to 28 U.S.C. § 1446(d), copies of this Notice of Removal are being served upon
counsel for Plaintiff Jeffrey B. Klein ("Plaintiff" or "Klein") and filed with the
Clerk of the Supreme Court of the State of New York County of New York, as an
exhibit to a Notice to State Court of Removal to Federal Court. A copy of the
Notice being filed in state court is attached hereto (without exhibits) as Exhibit A.

1

## PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1.      On May 18, 2007, Plaintiff filed a purported class action complaint captioned *Jeffrey B. Klein v. U.S. Sprint Communications Company and U.S. Telecom Inc.,* Index No. 106 751/07, (the "Original Complaint") in the Supreme Court of the State of New York, County of New York, against U.S. Sprint Communications Company and U.S. Telecom Inc. ("Original Defendants")

2.      The Original Defendants were served with the state court action Summons and Original Complaint on or about May 20, 2007.

3.      The parties entered into numerous stipulations extending the period of time to Answer as Plaintiff had incorrectly named the Original Defendants as parties to this action. Neither of the original Defendants had any relationship with Plaintiff.  Plaintiff had agreed to amend the Complaint to dismiss the Original Defendants and file claims against Sprint Spectrum L.P. ("Sprint Spectrum"), which had a contractual relationship with Plaintiff.

4.      On June 24, 2008, Plaintiff filed an amended class action captioned *Jeffrey B. Klein v. US Sprint Communications Company, US Telecom Inc. and Sprint Spectrum, L.P.* Index No. 106 751/07 (the "Amended Complaint") in the Supreme Court of the State of New York County of New York, which named a new defendant to this action - namely, Sprint Spectrum.

5.      Sprint Spectrum was not named as a defendant in the Original Complaint.

2

6.    On July 22, 2008, Plaintiff and the Original Defendants entered into a
Stipulation of Discontinuance with Prejudice (the "Stipulation") whereby Plaintiff
voluntarily discontinued this action against the Original Defendants.

7.    The Stipulation was filed with the Supreme Court of the State of New
York County of New York on July 23, 2008.  The Stipulation is attached to this
Notice as Exhibit C.

8.    Sprint Spectrum was served with the Amended Complaint on June 30,
2008.  The Notice is therefore timely pursuant to 28 U.S.C. § 1446(b).  Pursuant to
28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders
served upon Sprint Spectrum in the State Court Action are attached to this Notice
as Exhibit B.

9.    The Supreme Court of the State of New York County of New York is
located within the United States District Court for Southern District of New York.
28 U.S.C. § 96.  Therefore, venue is proper because it is the "district and division
embracing the place where such action is pending."  28 U.S.C. § 1441(a).

10.    By removing this action to this Court, Sprint Spectrum does not waive
any defenses, objections, or motions available to it under state or federal law.
Sprint Spectrum expressly reserves the right to require that Plaintiff's claims and
the claims of the putative class be decided on an individual basis through
arbitration.

3

## NO JOINDER NECESSARY

11.    No other defendants are required to consent to this removal.    28 U.S.C. § 1453(b).

## ALLEGATIONS OF THE COMPLAINT

12.    This action is a putative class action against Sprint Spectrum on behalf of New York and nationwide wireless telephone subscribers who were allegedly "damaged when they were charged 'Premium Services' for unsolicited services on their monthly mobile telephone bills for services that they did not order or request." Amended Complaint at ¶ 1. In particular, Plaintiff challenges Sprint Spectrum's billing practices with respect to "a monthly service bill to plaintiff which included 'Premium Services' totaling \$19.98." Amended Complaint at ¶ 3. Plaintiff further alleges that "at no time did plaintiff request or solicit these premium services and has no knowledge as to the nature of the 'premium services' for which he was charged." Amended Complaint at ¶ 4.

13.    Plaintiff alleges that Sprint Spectrum collects the charges for another entity or provider and receives a portion of the charge for the "premium services." Amended Complaint at ¶¶ 10, 11. Sprint Spectrum allegedly is paid by the provider for charging and collection of the premium service charges. Amended Complaint at ¶¶ 12, 13.

14.    Plaintiff here alleges that a class of thousands of customers have suffered damages from Sprint Spectrum's fraudulent practice of charging for non-

4

requested, unsolicited "premium services" which appear on the customer's telephone bill. Amended Complaint at ¶¶ 14. Plaintiff further alleges that "[Spring Spectrum] intentionally made materially false and misleading representations to plaintiff and the class by failing to represent to the plaintiff and the class that the 'premium services' would be charged by [Sprint Spectrum] for unsolicited and non-requested 'premium services.'" Amended Complaint at ¶ 45.

15.    Plaintiff alleges that "[Spring Spectrum] conduct constitutes deceptive acts or practices and/or false advertising in the conduct of business, trade or commerce ..." Amended Complaint at ¶ 52.

16.    Plaintiff seeks to represent a putative class comprised of "all of [Sprint Spectrum's] former and current customers who were charged for 'premium services' for services they did not solicit or request." Amended Complaint at ¶ 20.

17.    On behalf of Plaintiff and the putative classes, the Amended Complaint attempts to state claims for: (1) breach of contract against Sprint Spectrum (New York and nationwide classes); (2) common law fraud against Sprint Spectrum (New York and nationwide classes); (3) violation of New York General Business Law Sections 349 and 350 by Sprint Spectrum (New York Class); and (4) unjust enrichment against Sprint Spectrum (New York and nationwide classes). Amended Complaint at ¶¶ 38-60. The Amended Complaint seeks, *inter alia*, compensatory damages, punitive damages, treble damages,

5

injunctive relief, including disgorgement, and attorney costs and fees. Amended Complaint at p. 13, 14.

18.    Sprint Spectrum disputes Plaintiff's allegations, believes the Amended Complaint lacks any merit, and denies that Plaintiff or the putative class has been harmed in any way.

6

## BASIS FOR REMOVAL

### A.   Class Action Fairness Act ("CAFA")

19.    This action is within the original jurisdiction of this Court, and removal is therefore proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), which grants district courts original jurisdiction over class actions in which the amount in controversy exceeds $5,000,000, the members of the class of Plaintiff number over 100, and any member of the class of Plaintiff is a citizen of a State different from any defendant. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1332(d)(5)(B), 1332(d)(6).

20.    As set forth below, this action satisfies each of the requirements of Section 1332(d) for original jurisdiction under CAFA.    This action may be removed to this Court by Sprint Spectrum pursuant to the provisions of 28 U.S.C. §§ 1446 and 1453(b).

21.    This action meets the CAFA definition of a class action, which is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a) & (b). *See* Amended Complaint ¶ 20.

### B.   Class Action Consisting of More than 100 Members

22.    The Complaint alleges that "there are hundreds or thousands of members in the proposed Class." Amended Complaint ¶ 21. Accordingly, based

7

on Plaintiff's allegations, the aggregate number of class members is greater than 100 persons for purposes of 28 U.S.C. § 1332(d)(5)(B).

## C. Diversity

23.    Plaintiff Jeffrey B. Klein is alleged to be a resident of the State of Michigan. Amended Complaint ¶ 18. The members of the putative class described in the Amended Complaint are alleged to be citizens of all fifty states in the United States because Plaintiff describes the class as consisting of New York and nationwide consumers. Amended Complaint ¶ 38-60.

24.    Sprint Spectrum is a corporation formed and existing under the laws of Delaware and has its executive offices in Kansas City, Missouri. As of the time of removal, the citizenship of Sprint Spectrum has not changed.

25.    Accordingly, the required diversity of citizenship under CAFA is satisfied because "any member of a class of plaintiff is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Here, Plaintiff is a citizen of Michigan, and Sprint Spectrum is citizen of other states as set forth above, thus satisfying the diversity requirements of 28 U.S.C. § 1332(d)(2)(A).

## D. Amount in Controversy

26.    Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2), (d)(6). Without conceding any merit to the Amended Complaint's allegations or

8

causes of action, the amount in controversy here satisfies the jurisdictional threshold. While Sprint Spectrum disputes and denies that it is liable to Plaintiff or the putative class, or that Plaintiff or the putative class suffered injury or incurred damages in any amount whatsoever, and further denies that any such class could be properly certified under Fed. R. Civ. P. 23, the Complaint alleges an amount in controversy that exceeds the jurisdictional threshold of $5,000,000 based on the damages sought, namely, compensatory damages, punitive damages, treble damages, injunctive relief, including disgorgement, and attorney costs and fees.

27.    Plaintiff seeks to require Sprint Spectrum to pay multiple forms of damages as relief to the putative nationwide class numbering "hundreds or thousands" (Amended Complaint ¶ 21) for "all of the defendants' former and current customers who were charged for 'premium services' for services they did not solicit or request." Amended Complaint ¶ 20. Indeed, Plaintiff alleges that Sprint Spectrum was involved in a "scheme and course of conduct" to deceive customers, and as a result, has earned "illegal profits and unjustly enriched itself at the expense of the plaintiff and class members in New York and nationwide." Amended Complaint at ¶¶ 54, 59.

28.    While Plaintiff has not expressly pled an amount in controversy either below or above the jurisdictional amount, Plaintiff's allegations demonstrate that the Amended Complaint on its face is consistent with the fact that the jurisdictional amount has been met and exceeded, with Sprint Spectrum allegedly involved in a

9

nationwide "scheme" of deceptive practices that has unjustly billed significant amounts of money to hundreds (if not thousands) of customers as a result of the alleged wrongful practices.

**E.    No CAFA Exclusions**

29.    The action does not fall within any exclusions to removal jurisdiction recognized by 28 U.S.C. § 1332(d) or 28 U.S.C. § 1453(d).    This action is therefore removed pursuant to CAFA, 28 U.S.C. §§ 1332(d) and 1453.

WHEREFORE, defendant Sprint Spectrum L.P. gives notice that the above-described action pending against it in the Supreme Court of the State of New York County of New York, is removed to this Honorable Court.

DATED this 23rd day of July, 2008.

Respectfully Submitted,

KELLEY DRYE & WARREN LLP

By _____
Joseph A. Boyle
Seunghwan Kim

ATTORNEYS FOR DEFENDANT
SPRINT SPECTRUM, L.P.

10

# EXHIBIT A

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

---

JEFFREY B. KLEIN, on behalf of himself
and others similarly situated,

Plaintiffs,

-against-

US SPRINT COMMUNICATIONS
COMPANY and US TELECOM, INC., and
SPRINT SPECTRUM L.P.

Defendant.

---

INDEX NO. 106 751/07

**NOTICE OF FILING OF REMOVAL**

---

**PLEASE TAKE NOTICE** that on July 23, 2008, Defendant Sprint Spectrum

L.P. ("Sprint Spectrum") filed a Notice of Removal in the above-captioned action removing this

action to the United States District Court for the Southern District of New York.

**PLEASE TAKE FURTHER NOTICE,** that Sprint Spectrum, after filing the

Notice of Removal in the office of the Clerk of the United States District Court for the Southern

District of New York, also promptly filed copies thereof with the Clerk of the Supreme Court of

the State of New York, county of New York, to effect removal pursuant to 28 U.S.C. § 1446. A

copy of the Notice of Removal is annexed hereto as Exhibit A.

Please be advised that, pursuant to 28 U.S.C. § 1446(d), the filing of such Notice

of Removal with the United States District Court for the Southern District of New York, together

with the filing of this notice with the Clerk of the Supreme Court of the State of New York,

County of New York, effects the removal of this action, and the Supreme Court of the State of

New York shall proceed no further unless and until the action is remanded.

1

DATED this 23rd day of July, 2008.

KELLEY DRYE & WARREN LLP

By

Joseph A. Boyle
Seunghwan Kim

ATTORNEYS FOR DEFENDANT
SPRINT SPECTRUM, L.P.

2

# EXHIBIT B

LAW OFFICES

# HARRY I. KATZ, P.C.

61-25 UTOPIA PARKWAY
FRESH MEADOWS, NEW YORK 11365

TELEPHONE (718) 463-3700

HARRY I. KATZ
_____

VICTORIA L. WEINMAN*

WARREN A. CINAMON

PAUL CHAIT

* ALSO ADMITTED IN MICHIGAN

FAX (718) 886-3410
(NOT FOR SERVICE OF PAPERS)

CYNTHIA L. HINES
OFFICE MANAGER

June 30, 2008

Kelley, Drye & Warren, LLP
101 Park Avenue
New York, NY 10078

Attn: Vincent P. Rao, Esq.

RE:  Klein v. US Sprint Communications Company, et al.

Dear Mr. Rao:

I am enclosing herewith a copy of the filed Supplemental
Summons and Amended Verified Complaint in the above matter and will
consider this as service upon the defendants as you have already
appeared on their behalf.

Please note that your Amended Verified Answer is due within 25
days from the date of this letter.

Sincerely,

Victoria L. Weinman

VLW:je
enc.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------X
JEFFREY B. KLEIN,

                        Plaintiff,

      -against-

US SPRINT COMMUNICATIONS COMPANY,
US TELECOM INC. and SPRINT SPECTRUM,
L.P.,

                    Defendants.

Index No. 106751/07
Date Filed:

Plaintiff designates
NEW YORK
County as the place
of Trial
The basis of venue is
Defendant's Address
SUPPLEMENTAL SUMMONS

Plaintiff resides at
26140 Woodvilla Pl.
Southfield, MI.

------------------------------------X

To the above named Defendant(s)

     **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and
to serve a copy of your answer, or, if the complaint is not served with
this summons, to serve a notice of appearance, on the Plaintiff(s)
Attorney(s) within 20 days after the service of this summons, exclusive
of the day of service (or within 30 days after the service is complete
if this summons is not personally delivered to you within the State of
New York); and in case of your failure to appear or answer, judgment will
be taken against you by default for the relief demanded in the complaint.

DATED:     June 4, 2008

                               HARRY I. KATZ, P.C.
                               BY: Victoria L. Weinman
                               Attorney for Plaintiff(s)
                               61-25 Utopia Parkway
                               Fresh Meadows, NY  11365
                               (718) 463-3700

Defendant(s) Address:

US Sprint Communications Co
60 Hudson Street
New York, New York 10013

US Telecom, Inc.
Corporation Service Co
80 State Street
Albany, New York 12207

Sprint Spectrum, L.P.
c/o Prentice Hall Corporation System, Inc.
80 State Street
Albany, NY 12207

NEW YORK
COUNTY CLERK'S OFFICE

JUN 2 4 2008

NOT COMPARED
WITH COPY FILE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------X
JEFFREY B. KLEIN, on behalf of himself          JURY TRIAL DEMANDED
and others similarly situated,

                              Plaintiffs,       CLASS ACTION
                                                AMENDED
                                                VERIFIED COMPLAINT
-against-
                                                Index No.  106751/07
US SPRINT COMMUNICATIONS COMPANY,
US TELECOM, INC and
SPRINT SPECTRUM, L.P.

                              Defendant.
------------------------------------X


     Plaintiff, Jeffrey B. Klein, individually and on behalf of

all other persons similarly situated, by his undersigned

attorney, HARRY I. KATZ, P.C., as and for his Complaint against

the defendant[1] alleges the following based upon personal

knowledge as to himself and his own action, and, upon information

and belief, as to all other matters, respectfully alleges, upon

information and belief, as follows (plaintiff believes that

substantial evidentiary support will exist for the allegations

set forth herein after a reasonable opportunity for discovery):


                        NATURE OF THE ACTION


     1.  Plaintiff, Jeffrey B. Klein ("Klein" or "plaintiff")

brings this class action for breach of contract, fraud and

violations of the Consumer Protection Act, and unjust enrichment

---

[1] All references to "defendant" throughout this complaint
are intended to refer individually to each defendant named in the
caption unless otherwise specified.

on behalf of a class, as further defined herein, of all present
and former customers of defendant through the present, who were
damaged when they were charged "Premium Services" for unsolicited
services on their monthly mobile telephone bills for services
that they did not order or request.

2. Prior to April 1, 2007 plaintiff entered into an
agreement with defendant for mobile telephone services.

3.  On or about May 1, 2007 defendant generated a monthly
service bill to plaintiff which included "Premium Services"
totaling $19.98. (See phone bill attached hereto as Exhibit
A).

4.  At no time did plaintiff request or solicit these
premium services and has no knowledge as to the nature of the
"premium services" for which he was charged.

5. Upon receipt of the defendant's bill, plaintiff made
inquiry to defendant as why he was being charged for these
"premium services".

6.  By its agents, servants and/or employees defendant
told plaintiff that these charges are premium charges.

7.  By its agents, servants and/or employees defendant
told plaintiff that to stop the charges, the customer has to

"unsubscribe".

8.   Plaintiff requested of defendant the identity of
"premium services" providers.

9.   Defendant has neglected, failed and intentionally has
not provided plaintiff with the identification of the premium
service providers.

10.   Upon information and belief, defendant collects the
charges for another entity(s) or provider(s).

11.   Upon information and belief, defendant receives a
portion of the charge for the "premium services."

12.   Upon information and belief, defendant is paid by
the provider(s) for the charging of the premium service
charges.

13.   Upon information and belief, defendant is paid by
the provider(s) for the collection of the premium service
charges.

14.   Plaintiff therefore brings this action to recover
damages for himself and a class of thousands of customers who
have suffered damages from defendants' fraudulent practice of
charging for non-requested, unsolicited "premium services"

which appear on the customer's telephone bill.

15.   Defendants must be ordered to do justice to its customers, the class on whose behalf plaintiff sues here. Only a class action will provide the class with any possibility of relief against the Company.

### JURISDICTION AND VENUE

16.   This Court has jurisdiction under Civil Practice Law and Rules (CPLR) Sections 301 and 302, because defendant is a corporation doing business in the County and State of New York and transacts business and contracts to supply goods or services within the State of New York.

17.   Venue is appropriate in this Court under CPLR Section 503 because defendant has filed a certificate with the New York State Department of State indicating that its county of business as the County of New York.

### THE PARTIES

18.   Plaintiff Jeffrey B. Klein is a resident of the State of Michigan.

19.   Defendant is a corporation which operates throughout the entire Unites States, including the State of

New York and also operates through its website.

## CLASS ACTION ALLEGATIONS

20.    Plaintiff brings this action as a class action pursuant to Article 9 of the CPLR on behalf of a Class consisting of all of defendants' former and current customers who were charged for "premium services" for services they did not solicit or request.

21.    The members of the Class are so numerous that joinder of all members is impracticable.  While the exact number of Class members is unknown to plaintiff at this time and can only be ascertained through the appropriate discovery, plaintiff believes that there are hundreds or thousands of members in the proposed Class.  Other members of the Class may be identified from records maintained by defendant and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in class action.

21.    Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by defendant's wrongful conduct, in violation of statutes that are complained of herein.

22.   Plaintiff will fairly and adequately protect the interests of the members of the Class in that he has no interests antagonistic to those of the other members of the Class. Plaintiff has retained experienced and competent counsel.

23.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy.   Since the damages sustained by individual Class members may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the Class to individually seek redress for the wrongful conduct alleged herein.   If Class treatment of these claims were not available, defendant would likely unfairly receive thousands of dollars or more in improper charges.

24.   Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.   Among the common questions of law fact to the Class are:

(a) whether the "premium services" charged by defendant on the monthly service bill constituted a breach its service agreement with plaintiff and others members of the class;

(b) Whether defendant breached it's agreement with its

customers by charging, collecting and retaining fees for "premium services" that the customer did not request or solicit.

© Whether defendants breached their duty of good faith and fair dealing by collecting, charging and retaining fees for unsolicited and non-requested "premium services".

(d) Whether defendant engaged in fraudulent or unfair and deceitful practices by charging and retaining fees for unsolicited and non-requested "premium services".

(e) Whether defendants have been unjustly enriched by their scheme of collecting, charging and retaining fees for unsolicited and non-requested "premium services."

(f) Whether the members of the Class have sustained damages as a result of defendant's wrongful conduct.

(g) Whether defendant should be enjoined from continuing its unlawful practices.

(h) the appropriate measure of damages and/or other relief.

25.    The class is readily definable, and prosecution of this action as a Class action will reduce the possibility of

repetitious litigation. The names and addresses of
substantially all of the members of the Class are available
from defendant. Plaintiff knows of no difficulty which will
be encountered in the management of this litigation which
would preclude its maintenance as a Class action.

### CLAIMS FOR RELIEF

26. Prior to May 1, 2007 plaintiff Jeffrey B. Klein did
enter into an agreement for mobile telephone service with
defendant's cellular telephone company.

27. On or about May 1, 2007 defendant generated a
monthly service bill to plaintiff which included "Premium
Services" totaling $19.98. (See phone bill attached hereto as
Exhibit A).

28. At no time did plaintiff request or solicit these
premium services and had no knowledge as to the nature of the
"premium services" for which he was charged.

29. Upon receipt of the defendant's bill, plaintiff
made inquiry to defendant as why he was being charged for
these "premium services".

30. By its agents, servants and/or employees defendant

told plaintiff that these charges are premium charges.

31. By its agents, servants and/or employees defendant told plaintiff that to stop the charges, the customer has to "unsubscribe".

32. Plaintiff requested of defendant the identity of "premium services" providers.

33. Defendant has neglected, failed and intentionally has not provided plaintiff with the identification of the premium service providers.

34. Upon information and belief, defendant collects the charges for another entity(s) or providers.

35. Upon information and belief, defendant receives a portion of the charge for the "premium services."

36. Upon information and belief, defendant is paid by the provider(s) for the charging of the premium service charges.

37. Upon information and belief, defendant is paid by the provider(s) for the collection of the premium service charges.

AS AND FOR A FIRST CAUSE OF ACTION

(Breach of Contract New York and Nationwide)

38.   Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

39.   Defendant breached its agreement with plaintiff and the Class by charging and collecting fees for "premium services"  plaintiff did not solicit or request.

40.   Defendant breached its agreement with plaintiff and the Class by failing to disclose the identities of the third parties for whom it collects charges for the "premium services".

41.   Additionally, defendants' methods of charging and collecting these fees constitutes a breach of the implied covenant of good faith and fair dealings existing in defendant's agreement with plaintiff and the Class.

42.   Plaintiff and the Class have been injured as a result of defendant's breach of their agreement.

43.   Defendant is liable to plaintiff and the Class for damages sustained as a result of the breach.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Common Law Fraud New York and Nationwide)

44.    Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

45.    Defendant intentionally made materially false and misleading representations to plaintiff and the class by failing to represent to the plaintiff and the class that the "premium services" would and could be charged by defendant for the unsolicited and non-requested "premium services".

46.    Plaintiff and the Class were induced by, and relied on, defendant's false and misleading representation and omissions and did not know at that time that they entered into service agreements with defendant that defendant intended to charge, collect and retain charges for unsolicited and non-requested "premium services".

47.    Defendant knew or should have known of their false and misleading representation and omissions and conducted themselves in a misleading and deceptive manner without corrective disclosures.

48.    Had defendant adequately disclosed its intended charging, collection and retention of unsolicited and non-requested "premium charges" plaintiff would seek telephone service from other company(s).

49.   Plaintiff and the Class have been injured as a
result of defendant's fraudulent conduct.

50.   Defendant is liable to plaintiff and the Class for
damages sustained as a result of defendant's fraud, in an
amount to be determined at trial.

### AS AND FOR A THIRD CAUSE OF ACTION
### Violation of General Business Law Sections 349 and 350
(New York State Class of Customers)

51.   Plaintiff repeats and realleges each and every
allegation contained above as if fully set forth herein.

52.   Defendant's conduct constitutes deceptive acts or
practices and/or false advertising in the conduct of business,
trade or commerce or on the furnishing of services in this
state which effects the public interest under New York General
Business Law Section 349 and 350.

53.   Defendant's conduct was materially misleading to
plaintiff and the Class.

54.   During the Class period, the defendant carried out a
plan, scheme and course of conduct which was consumer
oriented.

55.    Plaintiff and the Class were injured by defendant's conduct.

56.    The injuries to plaintiff and the Class were foreseeable to defendant and, thus, failure to disclose the defendant's intended conduct is unconscionable and unreasonable.

57.    Defendant is liable for injuries sustained by Plaintiff and the Class to the maximum extent allowable under New York General Business Law Section 349 and 350.

## AS AND FOR A FOURTH CAUSE OF ACTION

### (Unjust Enrichment - New York State and Nationwide)

58.    Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

59.    Because of the wrongful activities described above, including the collection and retention of fees for non-requested and unsolicited services, defendants have earned illegal profits and unjustly enriched itself as t the expense of the plaintiff and class members in New York and nationwide.

60.    As a result of defendant charging and collecting these fees, defendant must account to the plaintiff and the class members for such unjust enrichment and disgorge its unlawfully held monies and profits.

61. By reason of the foregoing, plaintiff and the class have suffered damages.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

(A) For an Order certifying this action as a Class Action pursuant to the provisions of Article 9 of the CPLR, with plaintiff certified as representative of the Class;

(B) For compensatory damages in favor of plaintiff and the Class;

© For punitive damages on plaintiff's fraud claim, in an amount not less than three times the total damages as determined at trial;

(D) for other damages as prescribed by law, including treble damages in excess of the statutory minium under General Business Law Section 349;

(E) For costs and disbursements incurred in connection with this action, including reasonable attorneys' fees and expenses.

(F) for pre- and post-judgment interest; and

(G) Enjoining defendant from continuing go implement is

unlawful and illegal practices.

(H) for such other and further relief as the Court deems just and proper.

Yours, etc.,

HARRY I. KATZ, P.C.
Attorneys for Plaintiff

BY: VICTORIA L. WEINMAN
61-25 Utopia Parkway
Fresh Meadows, NY    11365
718-463-3700

| Customer | Account Number | · Bill Period | Bill Date | Page |
|---|---|---|---|---|
| MR. JEFFREY B KLEIN | 0051262228-0 | Apr 1 - Apr 30 | May 1, 2007 | 49 of 72 |

## Detail for 248-895-4632 (Continued)

### Monthly Service Charges (Continued)

### Promotional Credits

| | | |
|---|---|---|
| PCS Courtesy Discount | | -$1.33 |
| | Total | $25.34 |

### Additional Usage

| | Used | Charges |
|---|---|---|
| Additional Text Messages-$0.10/msg | 15.0 | $1.50 |
| Directory Assistance Calls-$1.79/call | 2.0 | 3.58 |
| Roaming-$0.50/min | 2.0 | 1.00 |
| PCS Data-$0.03/KB | | 21.87 |
| | | $27.95 |

### Premium Services (Non-Telecom) Purchases

| | Used | Charges |
|---|---|---|
| Messages | 2 | $19.98 |

### Taxes, Surcharges & Fees

| | |
|---|---|
| Taxes, Surcharges & Fees | $3.50 |

| | |
|---|---|
| **Total Current Charges for 248-895-4632** | $76.77 |

### Call Detail

### Call Detail

| | Date | Time | Phone Number | Call Destination | Rate/Type | Minutes Used | Airtime Charges | LD/ Additional Charges | Total Charges |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 4/1 | 10:08 A M | 248-895-4632 | Pontiac, MI | | 2.0 | included | 0.00 | 0.00 |
| 2 | | | | | | | | | |
| 3 | 4/1 | 2:00 P M | 248-842-3711 | Pontiac, MI | ¶¶ | 1.0 | included | 0.00 | 0.00 |
| 4 | | | | | | | | | |

¶¶ = Sprint Mobile to Mobile

Exh. A

## ATTORNEY'S AFFIRMATION

STATE OF NEW YORK)
                  :   ss.:
COUNTY OF QUEENS  )

I, the undersigned attorney admitted to practice in the courts of New York State, state that I am of counsel with the attorney of record for the plaintiff(s) in the within action; I have read the foregoing Supplemental Summons and Amended Verified Complaint and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief as to those matters therein not stated upon knowledge is based upon the following:

Investigative material contained in my file.

The reason I make this affirmation, instead of the plaintiff(s), is that said plaintiff(s) does/do not reside in the county in which I maintain my office.

I affirm that the foregoing statements are true under penalties of perjury.

Dated:  Fresh Meadows, New York
        June 4, 2008

                                        VICTORIA L. WEINMAN

NEW YORK
COUNTY CLERKS OFFICE

JUN 2 4 2008

NOT COMPARED
WITH COPY FILE

## CERTIFICATION

**Victoria L. Weinman,** an attorney-at-law duly admitted to practice law before the Courts of the State of New York, hereby certifies as follows:

To the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the paper or the contentions herein are not frivolous, as that term is defined in Part 130 of the Rules of the Chief Administrator (22 NYCRR).

DATED:    Fresh Meadows, NY
          June 4, 2008

Victoria L. Weinman

NEW YORK
COUNTY CLERK'S OFFICE

JUN 24 2008

NOT COMPARED
WITH COPY FILE

# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

JEFFREY B. KLEIN, on behalf of himself
and others similarly situated,

              Plaintiff,

-against-

U.S. SPRINT COMMUNICATIONS
COMPANY and U.S. TELECOM, INC. and
SPRINT SPECTRUM, L.P.,

              Defendants.

INDEX NO.: 106751/07

**STIPULATION OF DISCONTINUANCE
WITHOUT PREJUDICE AS TO U.S. SPRINT
COMMUNICATIONS COMPANY and U.S.
TELECOM, INC.**

**RECEIVED**

JUL 23 2008

NEW YORK
COUNTY CLERK'S OFFICE

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned

counsel that, whereas no party hereto is an infant, incompetent person for whom a committee has

been appointed or conservatee and no person not a party has an interest in the subject matter of

the action, this action is voluntarily discontinued without prejudice as to defendants U.S. Sprint

Communications Company and U.S. Telecom, Inc., pursuant to Rule 3217 of the Civil Practice

Law and Rules, and without costs to any party against any other.

DATED: July 22, 2008

KELLEY DRYE & WARREN LLP

By: _____

Vincent P. Rao II
Joseph A. Boyle
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10078
Phone No.: (212) 808-7808
Attorneys for Defendants
U.S. Sprint Communications Company
and U.S. Telecom, Inc

Dated: July 22, 2008

HARRY I. KATZ, P.C.

By: _____

Harry I. Katz
61-25 Utopia Parkway 155
Fresh Meadows, NY 11365
Phone No.: (718) 463-3700
Attorney for Plaintiff