KELLEY DRYE & WARREN LLP
200 Kimball Drive
Parsippany, New Jersey 07054
(973) 539-0099
Attorneys for Defendants

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY B. KLEIN, on behalf of himself and others similarly situated, <br><br> Plaintiffs, <br><br> -against- <br><br> SPRINT SPECTRUM L.P., <br><br> Defendants. | JURY TRIAL DEMANDED <br><br> INDEX NO. 08-cv-6559 <br><br> **ANSWER TO AMENDED COMPLAINT** |

Defendant Sprint Spectrum L.P. ("Defendant") by and through its attorneys Kelley Drye & Warren LLP as and for its Answer to plaintiff Jeffrey B. Klein's ("Plaintiff") class action amended complaint (the "Complaint") alleges as follows:

**NATURE OF THE ACTION**

1.    The allegations contained in Paragraph 1 purport to set forth legal conclusions to which no response is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 1.

2.    Defendant admits that Plaintiff entered into an agreement with Sprint Spectrum L.P. for mobile telephone services prior to April 1, 2007, but deny the remaining allegations contained in Paragraph 2 of the Complaint.

3.    Defendant admits that a monthly service bill was generated and sent to plaintiff on or about May 1, 2007, which included a "premium service" charge totaling $19.98, but denies the remaining allegations contained in Paragraph 3 of the Complaint.

4.    Defendant denies the allegations contained in Paragraph 4 of the Complaint.

5.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5 of the Complaint.

6.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6 of the Complaint.

7.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7 of the Complaint.

8.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 of the Complaint.

9.    Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10.    Defendant admits that Sprint offers "premium services" and third-party content to customers, but denies the remaining allegations in Paragraph 10 of the Complaint.

11.    Defendant admits that Sprint retains a portion of the revenue generated from a "premium service" charge, but denies the remaining allegations contained in Paragraph 11 of the Complaint.

12.    Defendant admits that Sprint retains a portion of the revenue generated from a "premium service" charge, but denies the remaining allegations contained in Paragraph 12 of the Complaint.

13.    Defendant admits that Sprint retains a portion of the revenue generated from a "premium service" charge, but denies the remaining allegations contained in Paragraph 13 of the Complaint.

14.    The allegations contained in Paragraph 14 set forth legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations set forth in Paragraph 14 of the Complaint.

15.    The allegations contained in Paragraph 15 set forth legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations set forth in Paragraph 15 of the Complaint.

## JURISDICTION AND VENUE

16.    The allegations contained in Paragraph 16 of the Complaint set forth legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations set forth in Paragraph 16 of the Complaint.

17.    The allegations contained in Paragraph 17 of the Complaint set forth legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations set forth in Paragraph 17 of the Complaint.

## THE PARTIES

18.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 18 of the Complaint.

19.    Defendant admits that it is a corporation that operates throughout the United States, including the State of New York, and by way of a Sprint-branded website, but denies the remaining allegations contained in Paragraph 19 of the Complaint

## CLASS ACTION ALLEGATIONS

20.    The allegations contained in Paragraph 20 set forth legal conclusions to which no response is required.  To the extent an answer is required, Defendant denies the allegations set forth in Paragraph 20 of the Complaint.

21.    The allegations contained in Paragraph 21 set forth legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations set forth in Paragraph 21.

> [21.]  The allegations contained in Paragraph 21 (incorrectly numbered) set forth legal conclusions to which no response is required.  To the extent an answer is required, Defendant denies the allegations set forth in Paragraph [21].

22.    The allegations contained in Paragraph 22 set forth legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations set forth in Paragraph 22.

23.    The allegations contained in Paragraph 23 set forth legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations set forth in Paragraph 23.

24.    The allegations contained in Paragraph 24 set forth legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations set forth in Paragraph 24.

25.    The allegations contained in Paragraph 25 set forth legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations set forth in Paragraph 25.

## CLAIMS FOR RELIEF

26.    Defendant admits that Plaintiff entered into an agreement with Sprint Spectrum L.P. for mobile telephone services prior to April 1, 2007, but deny the remaining allegations contained in Paragraph 26 of the Complaint.

27.    Defendant admits that a monthly service bill was generated and sent to Plaintiff on or about May 1, 2007, which included a "premium service" charge totaling $19.98, but denies the remaining allegations contained in Paragraph 27 of the Complaint.

28.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 28 of the Complaint.

29.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 29 of the Complaint.

30.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 30 of the Complaint.

31.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 31 of the Complaint.

32.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 32 of the Complaint.

33.    Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34.    Defendant admits that Sprint offers "premium services" and third-party content to customers, but denies the remaining allegations in Paragraph 34 of the Complaint.

35.    Defendant admits that Sprint retains a portion of the revenue generated from a "premium service" charge, but denies the remaining allegations contained in Paragraph 35 of the Complaint.

36.    Defendant admits that Sprint retains a portion of the revenue generated from a "premium service" charge, but denies the remaining allegations contained in Paragraph 36 of the Complaint.

37.    Defendant admits that Sprint retains a portion of the revenue generated from a "premium service" charge, but denies the remaining allegations contained in Paragraph 37 of the Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION
(Breach of Contract New York and Nationwide)

38.    Defendant repeats and realleges the responses to the allegations contained in paragraphs 1-37 of the Complaint as though set forth again in full.

39.    Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40.    Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41.    Defendant denies the allegations contained Paragraph 41 of the Complaint.

42.    Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43.    Defendant denies the allegations of Paragraph 43 of the Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Common Law Fraud New York and Nationwide)

44.    Defendant repeats and realleges the responses to the allegations contained in paragraphs 1-43 of the Complaint as though set forth again in full.

45.    Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46.    Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47.    Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48.    Defendant denies the allegations contained in  Paragraph 48 of the Complaint.

49.    Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50.    Defendant denies the allegations contained in Paragraph 50 of the Complaint.

## AS AND FOR A THIRD CAUSE OF ACTION
Violation of General Business Law Sections 349 and 350
(New York State Class of Customers)

51.    Defendant repeats and realleges the responses to the allegations contained in paragraphs 1-50 of the Complaint as though set forth again in full.

52.    Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53.    Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54.    Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55.    Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56.    Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57.    Defendant denies the allegations contained Paragraph 57 of the Complaint.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Unjust Enrichment – New York State and Nationwide)

58.    Defendant repeats and realleges the responses to the allegations contained in paragraphs 1-57 of the Complaint as though set forth again in full.

59.    Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60.    Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61.    Defendant denies the allegations contained in Paragraph 61 of the Complaint.

## AFFIRMATIVE DEFENSES

1.    The Complaint fails to state a claim for relief against Sprint.

2.    Plaintiff's claims for relief are barred by the unclean hands, doctrine of waiver, estoppel and/or release.

3.    Plaintiff's claims for relief are barred by the doctrine of election of remedies.

4.     Plaintiff's claims for relief are barred by the doctrine of voluntary payment.

5.     Plaintiff's claims for relief are barred by the failure to mitigate damages.

6.     Plaintiff's claims for relief are barred because Plaintiff and each alleged class member lack standing to assert any claims against Defendants.

7.     Plaintiff's claims for relief are barred because Plaintiff and each alleged class member ratified, consented to, and approved the conduct of which they now complain.

8.     Plaintiff's claims for relief are barred because the Federal Communications Commission has primary and exclusive jurisdiction over the Complaint and each alleged claim therein.

9.     Plaintiff's claims fail to state a claim for relief because they have no private right of action under 47 U.S.C. § 201(b).

10.     Plaintiff's claims are barred by the applicable Statute of Limitations.

11.     Plaintiff's claims are barred by their failure to arbitrate their claims pursuant to any applicable provisions of their service agreements, if any.

12.     Plaintiff and each alleged class member have received and accepted full satisfaction of their claims, if any.

13.    Plaintiff and each alleged class member's actions constitute a full release of any and all claims by which Plaintiff and each alleged class member may have or have had against Defendants.

14.    Plaintiff's claims are barred for failure to comply with Rule 23.1 of the Federal Rules of Civil Procedure.

15.    Plaintiff's claims are barred because any alleged damages were sustained through the actions of third parties over whom Sprint had no control.

16.    Plaintiff's claims are barred because the alleged agreements between the parties were ether modified, altered or rescinded by the parties.

17.    Plaintiff's claims for relief violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution as well as the New York Constitution, because the imposition of punitive or exemplary damages in this case would permit retroactive, random, arbitrary and capricious punishment that serves no legitimate governmental interest.

18.    Sprint did not act with the requisite level of conduct to be subjected to any punitive or exemplary damage award in this action; and, in the event Plaintiff seeks punitive damages herein, no such award may be granted except in accordance with the principles set forth in BMW of North America Inc. v. Gore, 517 U.S. 559 (1996), Cooper Industries, Inc. v. Leatherman Tool Group, 532 U.S. 424 (2001), and State Farm v. Campbell, No. 01-1289 (U.S. April 7, 2003).

19.    To the extent Plaintiff's Complaint relies on State law causes of action that purport to or may have the effect of affecting the rates, terms, or conditions of service of interstate telecommunications, or are in any way inconsistent with and/or contrary to federal law governing telecommunications — including, *inter alia*, the Communications Act of 1934, as amended (the "Communications Act"), 47 U.S.C. §§ 151 *et seq.*, accompanying federal regulations enacted by the FCC, and federal common law — such causes of action are barred by the doctrine of preemption.

20.    All or some of Plaintiff and each alleged class member's claims for injunctive relief are barred because Plaintiff and each class member cannot show that they have suffered or will suffer any irreparable harms from Defendant's actions.

21.    Plaintiff and each alleged class member's claims for equitable relief, including claims for restitution and injunction, are barred because they have an adequate remedy at law.

22.    The alleged damage or injury suffered by Plaintiff and each alleged class member, if any, would be adequately compensated by damages.

Sprint expressly reserves the right to raise additional affirmative or other defenses as may be established by discovery and the evidence in this case.

**WHEREFORE**, Defendants request that this Court enter a judgment as follows:

1.    dismissing the Complaint in its entirety with prejudice;

2.    awarding defendants costs of suit including reasonable attorneys fees; and

3.    for such other and further relief as to the Court seems just and proper.

DATED:  August 29, 2007

KELLEY DRYE & WARREN LLP
Attorneys for Defendant

By   *Joseph A. Boyle*
     Joseph A. Boyle, Esq.
     Vincent P. Rao, II, Esq.